Eugene B. Chittock, SBN 214532
Law Offices of Eugene B. Chittock
100 South Lassen Street
Susanville, CA 96130
Telephone:  (530) 257-9351
echittock@chittocklaw.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY SMITH, individually; STEPHANIE SMITH, individually; and WESLEY SMITH and STEPHANIE SMITH as successors-in-interest to JEFFREY SMITH,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOES 1 to 20, in their individual capacities,<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Civil Rights – Eighth Amendment (42 U.S.C. § 1983);<br><br>2. Violation of Civil Rights – Fourteenth Amendment (42 U.S.C. § 1983)<br><br>[JURY TRIAL DEMANDED] |

Plaintiffs allege as follows:

## JURISDICTION, VENUE & PARTIES

1. This case arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.

2. The unlawful acts and practices alleged herein occurred in the County of Lassen, State of California, within this judicial district. Therefore, venue lies in the United States Court for the Eastern District of California.

**COMPLAINT FOR DAMAGES**

3. Plaintiff Wesley Smith is of the age of majority and a citizen of California, residing in Orange County, California.

4. Plaintiff Stephanie Smith is of the age of majority and a citizen of California, residing in Riverside County, California.

5. At all times relevant herein, decedent Jeffrey Smith ("decedent") was a citizen of California, and prisoner in the custody of California Department of Corrections and Rehabilitation. At the time of his death, decedent was incarcerated at High Desert State Prison ("HDSP") in Susanville, California. Plaintiffs, decedent's biological mother and father, are decedent's successors-in-interest, and have standing to bring this action. Decedent has no children or spouse.

6. This action encompasses a wrongful death action brought by plaintiffs individually with respect to each claim for relief. Plaintiffs similarly pursue the federal Eighth Amendment claim for relief on a survival theory on behalf of decedent for pre-death pain, suffering and other damages decedent would have asserted had he survived.

7. State of California - Department of Corrections and Rehabilitation ("CDCR") is a government entity authorized by law to establish certain departments responsible for enforcing the law and protecting the welfare of citizens in the State of California. At all times mentioned herein, CDCR was responsible for overseeing the operation, management and supervision of HDSP, and certain unknown DOE defendants, employed by CDCR as peace officers.

8. Plaintiffs are informed and believe and thereon allege that defendants DOES 1 to 20 are individuals residing in the State of California and employed by CDCR as peace officers at HDSP. At all relevant times, DOES 1-20 were acting in the course and scope of their

COMPLAINT FOR DAMAGES

employment, under the color of law as officers of CDCR. The true names of defendants DOES 1 to 20 are presently unknown to plaintiffs (collectively the "defendants"). Plaintiffs were unable obtain the specific identities of such CDCR officers prior to filing suit, as CDCR has not provided any reports surrounding decedent's death, such that the names of all particular officers involved are not known to plaintiffs. DOES 1 to 20 are correctional officers, sergeants, lieutenants, or other authorized employees of CDCR. Plaintiffs are informed and believe and thereon allege that each of DOE defendants is legally responsible in some manner for the events and damages referred to herein and legally and proximately caused damage to plaintiffs/decedent. When the true identities of the DOE defendants are ascertained, plaintiffs will seek leave of court to amend this complaint. See, e.g., *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403 U.S. 388, 390, fn. 2. All DOE defendants are sued in their individual capacities.

9. CDCR was at all relevant times operating, maintaining, managing and doing business as HDSP, a State owned and operated correctional and rehabilitation facility for men in California, and as such assumed the responsibility of providing a constitutionally mandated level of safety to inmates housed within HDSP as wards of the State. Similarly, CDCR was responsible for overseeing the day-to-day operations and security of the prison. All of the acts complained of in the complaint were done and performed by defendants as authorized agents, servants and/or employees acting within the course and scope of their employments by CDCR. CDCR ratified all of the acts complained of herein.

**COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

10. At all relevant times, decedent was imprisoned at HDSP in Susanville, California.

11. Plaintiffs are informed and believe and thereon allege that on October 11, 2019, Smith was walking around Facility D Yard 2, an inmate recreation yard at HDSP. This recreation yard was under the general control and supervision of HDSP staff, including DOES 1-10.

12. Plaintiffs are informed and believe and thereon allege that at approximately 11:30 a.m., while utilizing the recreation yard, decedent was attacked by two other inmates, Russell McCallister ("McCallister") and Terrance Coleman ("Coleman"). McAllister and Coleman utilized inmate manufactured stabbing instruments approximately 10-inches in length in the attack against decedent.

13. When the attack commenced, decedent was initially able to evade McCallister and Coleman for approximately 20 seconds. Eventually, decedent tripped and fell to the ground. McAllister and Coleman thereafter reinitiated their physical attack on decedent.

14. Approximately 8 seconds after the attack on decedent recommenced, DOES 1-10 arrived at the location where decedent was being attacked and began utilizing chemical weapons in a futile attempt to break up the altercation. These chemical weapons included at least 12 gas grenades and 6 canisters of pepper-spray.

15. Plaintiffs are informed and believe and thereon allege that during this time, decedent was pleading for the correctional officers to intervene and help him fend off the attack by Coleman and McCallister.

16. Plaintiffs are informed and believe and thereon allege that during the altercation, decedent was able to successfully disarm Coleman, and threw his stabbing weapon away.

COMPLAINT FOR DAMAGES

Additionally, during the altercation, after DOES 1-10 arrived at the location of the attack, McCallister temporarily ceased stabbing the defendant, moved around decedent, and again commenced stabbing decedent in the area of his head.

17. Plaintiffs are informed and believe and thereon allege that approximately 45 seconds after DOES 1-10 arrived to the location of the fight, they physically intervened with batons and separated McCallister and Coleman from decedent.

18. Plaintiffs are informed and believe and thereon allege that decedent was thereafter taken to the Treatment and Triage Area ("TTA") of HDSP for medical treatment. Shortly thereafter, decedent succumbed to his injuries.

19. Plaintiffs are informed and believe and thereon allege that at the time DOES 1-10 arrived at the location of the attack, the recreation yard was under control and no other inmates on the yard posed any reasonable or discernable threat to the DOES 1-10, or institutional security. The remaining inmates on the yard promptly sat on the ground after the attack commenced, in accordance with HDSP rules and regulations.

20. Plaintiffs are informed and believe and thereon allege that at the time DOES 1-10 responded to the location of the attack, they were all armed with batons (in addition to chemical weapons), yet ignored realistic opportunities to physically intervene in the attack and otherwise unreasonably responded to the attack with ineffectual chemical weapons for an extended period of time.

21. Plaintiffs are informed and believe and thereon allege that upon their arrival to the attack, DOES 1-10 were properly equipped officers with sufficient expertise and ability to quell the disturbance and physically subdue Coleman and McAllister safely. DOES 1-10 knew, based on their training and observations that failing to promptly physically intervene in

the attack would very likely cause substantial injuries or death to decedent.

22. Plaintiffs are informed and believe and thereon allege that upon arriving at the location of the attack, DOES 1-10 appreciated the immediate and substantial risk of harm to decedent posed by McCallister and Coleman, and based on their training understood that given the imminent risk of harm, they should (at a minimum) physically intervene and separate the inmates.

23. Plaintiffs are informed and believe and thereon allege that at no time was DOES 1-10's failure to physically intervene in the attack based on any legitimate need to preserve order, discipline or other penological goal.

24. Plaintiffs are informed and believe and thereon allege that had DOES 1-10 promptly and reasonably physically intervened in the attack, decedent would have survived the attack.

25. As a direct and proximate result of defendants' conduct, and the death of decedent, plaintiffs sustained economic damages consisting of (1) the value of lost financial and other support from decedent, (2) the value of gifts or benefits that decedent would have provided, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that the decedent would have provided.

26. As a direct and proximate result of defendants' conduct, and the death of decedent, plaintiffs sustained non-economic damages consisting of the loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

**FIRST CLAIM FOR RELIEF**
**(Eighth Amendment -- 42 U.S.C. § 1983)**
**(Against All Defendants)**

27. Plaintiffs incorporate by reference each and every allegation of this complaint as though

fully set forth herein.

28. Title 42 of the United States Code, Section 1983 provides in pertinent part:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

29. Each defendant, acting under color of state law, through their own individual actions, deprived decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth Amendment (made applicable to States via the Fourteenth Amendment), by subjecting him, or allowing others to subject him, to cruel and unusual punishment.

30. Defendants knew that decedent faced a serious risk of harm at the hands of Coleman and McCallister because they were present and aware of the attack those inmates perpetrated.

31. Defendants knew their conduct in failing to physically intervene to quell the attack for an extended period of time posed substantial and obvious risks of harm to decedent. By failing to physically intervene for this period of time, defendants consciously disregarded the obvious risk to decedent.

32. As a direct and proximate result of the aforementioned acts/failures to act of defendants and each of them, decedent and, in turn, plaintiffs were injured as set forth above.

33. As the direct and proximate result of defendants' actions, decedent and plaintiffs have suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

34. Plaintiffs are informed and believe and thereon allege that defendants, and each of them, acted with malice toward decedent/plaintiffs, or acted with a willful and conscious disregard for the rights of decedent/plaintiffs in a despicable, vile, and contemptible manner. Therefore, plaintiffs are entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future.

**SECOND CLAIM FOR RELIEF**
**(Fourteenth Amendment -- 42 U.S.C. § 1983)**
**(Against All Defendants)**

35. Plaintiffs incorporate by reference each and every allegation of this complaint as though fully set forth herein.

36. Defendants, and each of them, while acting under color of law, subjected decedent, or caused decedent to be subjected to the deprivation of his rights, privileges, or immunities secured by the Eighth Amendment to the United States Constitution which resulted in the death of decedent, the son of plaintiffs, without legal justification.

37. By doing the acts complained of in this complaint, defendants deprived plaintiffs of their liberty interest under the Fourteenth Amendment to the United States Constitution in the companionship of their son. The death of decedent was a direct result of defendants' conscious disregard of the likelihood of substantial harm to decedent unrelated to legitimate penological goals.

Date: October 6, 2021            LAW OFFICES OF EUGENE B. CHITTOCK


             _____*/s/ Eugene B. Chittock*_____
             Eugene B. Chittock
             Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Date: October 6, 2021          LAW OFFICES OF EUGENE B. CHITTOCK


                                   */s/ Eugene B. Chittock*
                                   Eugene B. Chittock
                                   Attorney for Plaintiffs

Law Offices of Eugene B. Chittock
100 South Lassen Street
Susanville, CA 96130