1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY SMITH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>OFFICER M. WHEAT, et al.,<br><br>  Defendants. | No. 2:21-cv-01859-DC-CKD<br><br>ORDER GRANTING IN PART THE PARTIES' STIPULATED REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br>(Doc. No. 50) |

On October 3, 2025, Plaintiffs and Defendants filed a stipulated request to file under seal certain exhibits attached to the declarations of Eugene Chittock (Doc No. 48-3) and Paul Edward (Doc. No. 48-5) filed in support of Plaintiffs' opposition to Defendants' motion for summary judgment. (Doc. No. 50.) Specifically, the parties seek to file under seal the following exhibits attached to the declaration of Eugene Chittock:

**Exhibit B** – Videos of the subject altercation;

**Exhibit C** – Images of inmate manufactured knives used in the subject altercation;

**Exhibit D** – Incident report for the subject altercation;

**Exhibit E** – California Department of Corrections and Rehabilitation training plans;

**Exhibit F** – High Desert State Prison post orders;

**Exhibit G** – Deposition transcripts for numerous witnesses; and

1

  **Exhibit H** – Notice of adverse action as to correctional officer Justin Byers.

 The parties also seek to file under seal the following exhibits attached to the declaration of Paul Edward:

  **Exhibit B** – Paul Edwards' expert report; and

  **Exhibit C** – Paul Edwards' supplemental expert report.

 For the reasons explained below, the court will grant in part and deny without prejudice in part the parties' stipulated request to file documents under seal. (Doc. No. 50.)

 The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such as briefing in support of (or in opposition to) motions for summary judgment and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling reasons" standard to motions that are "more than tangentially related to the merits"). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "[A]n order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. 10-cv-03738-AB-CW, 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

 Here, the parties argue two compelling reasons exist for filing the specified exhibits under seal. First, the parties contend that release of the confidential incident report, Department of

Corrections and Rehabilitation training plans, High Desert State Prison post reports, deposition transcripts and expert reports "pose a risk to institutional safety by . . . allowing the study of incident responses to develop a tactical plan to commit other offenses within HDSP." (Doc. No. 50 at 3.) The parties' contention is well-taken, as courts have found that maintaining the institutional safety of government agencies' operations is a compelling reason to file confidential government training guides and related internal documents under seal. *Castellar v. Mayorkas*, No. 17-cv-00491-BAS-AHG, 2021 WL 3678440, at *2 (S.D. Cal. Aug. 19, 2021) (granting request to file Customs and Border Patrol training guide and migrant protection protocols under seal); *Fernandez v. Duarte*, No. 3:22-cv-00446-BAS-VET, 2025 WL 77056, at *2 (S.D. Cal. Jan. 10, 2025) (granting request to file sections of opposition brief under seal because the "information, if revealed publicly, would create a significant security threat to inmates, staff, the correctional facility, and the public at large."). Accordingly, the parties have shown compelling reasons exist to file Exhibits D–G to the declaration of Eugene Chittock and Exhibits B and C to the declaration of Paul Edwards under seal.

Second, the parties contend that release of the videos of the subject assault and images of the knives used in the assault should be filed under seal because their release would "cause a . . . profound grief and further impugn the privacy of the decedent and the wishes of his loved ones." (Doc. No. 50 at 3.) The court agrees that preventing the invasion of privacy caused by the release of images of a decedent's last moments of life is a compelling reason to file such documents under seal. *See Asmar v. BNSF Ry. Co.*, No. 1:19-cv-01810-HBK, 2021 WL 536465, at *2 (E.D. Cal. Jan. 8, 2021) (granting request to seal video of decedent's death in a locomotive accident). Accordingly, the parties have shown compelling reasons exist to file Exhibits B and C to the declaration of Eugene Chittock under seal.

However, while there is compelling reason to file Exhibits B–G to the declaration of Eugene Chittock and Exhibits B and C to the declaration of Paul Edwards under seal, an order filing documents under seal must be narrowly drawn to seal only those portions of the record that ought to be sealed. Here, the parties have requested that the entire deposition transcripts of eight deponents be filed under seal. Additionally, the parties request that the entirety of expert witness

3

Paul Edwards's expert report and supplemental expert report be filed under seal. While some of the material included in these deposition transcripts, expert reports, and the exhibits attached thereto may properly be filed under seal for the reasons addressed above, the parties have not narrowly tailored their request as required. Accordingly, the court denies without prejudice the parties' request to file under seal Exhibit G to the Chittock declaration and Exhibits B and C to the Edwards declaration. The parties may file a renewed request that is narrowly tailored to redact only the content for which there is a compelling reason. *See Craig v. Am. Tuna, Inc.*, No. 22-cv-00473-RSH-MSB, 2023 WL 8242460, at *3-4 (S.D. Cal. Nov. 28, 2023) (denying without prejudice request to file under seal entirety of expert report but allowing party to re-file a more narrowly tailored request); *Chavez v. Allstate Northbrook Indem. Co.*, No. 2:22-cv-00166-AJB-DEB, 2025 WL 1756381, at *3 (S.D. Cal. Jun. 25, 2025) (denying without prejudice request to file under seal large portion of deposition transcript not narrowly tailored to cover only confidential material).

    Finally, the court notes that the parties' stipulated request does not address any basis for filing under seal the notice of adverse action, Exhibit H to the Chittock declaration. That exhibit contains neither California Department of Corrections and Rehabilitation's internal incident response plans nor detailed images or descriptions relating to decedent's death. Thus, the parties have failed to show compelling reasons exist to file that exhibit under seal.

    Accordingly,

1. The parties' stipulated request to seal (Doc No. 50) is GRANTED in part and DENIED in part, without prejudice, as follows:

    a. The parties' request to seal Exhibits B–F to the Chittock declaration (Doc No. 48-5) is GRANTED; and

    b. The parties' request to seal Exhibits G–H to the Chittock declaration (Doc. No. 48-5) and Exhibits B–C to the Edwards declaration (Doc. No. 48-3) is DENIED, without prejudice;

2. Within three (3) days from the date of entry of this order, Plaintiffs shall email a PDF copy of Exhibits C–F to the Chittock declaration to

ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case;

3. Because Plaintiffs have already lodged with the court Exhibit B to the Chittock declaration, which consists of video files on a thumb drive, (*see* Doc. No. 51), Plaintiffs need not provide an additional copy of that exhibit to the court;

4. Within fourteen (14) days from the date of entry of this order, the parties may file a renewed request to file under seal Exhibits G–H to the Chittock declaration and Exhibits B–C to the Edwards declaration. That request, if any, shall be narrowly tailored to redact only confidential material, and shall explain the basis for filing the notice of adverse action (Exhibit H) under seal;

5. If the parties do not timely file a renewed request to seal, Plaintiffs shall file Exhibits G–H to the Chittock declaration and Exhibits B–C to the Edwards declaration on the public docket by no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **November 7, 2025**

Dena Coggins
United States District Judge

5